IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **INVUE SECURITY PRODUCTS, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**HANGZHOU LANGHONG TECHNOLOGY CO., LTD.** and **LANGHONG TECHNOLOGY USA INC.**<br><br>    Defendants. | **Civil Action No. 3:14-cv-654**<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff INVUE SECURITY PRODUCTS INC. ("Plaintiff" or "InVue") files this Complaint against Defendants HANGZHOU LANGHONG TECHNOLOGY CO., LTD. ("Langhong China") and LANGHONG TECHNOLOGY USA INC. ("Langhong US") (collectively, "Defendants") and, in support thereof, alleges as follows:

### NATURE AND BASIS OF ACTION

1. This is a civil action involving claims for the infringement of United States Patent Nos. 8,890,691 and 8,896,447 (hereinafter, the "Patents-in-Suit"), as well as for tortious interference with contract and unfair or deceptive trade practices. This action is brought pursuant to the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, as well as pursuant to N.C. Gen. Stat. § 75-1.1, *et seq.*, and the common law of the State of North Carolina.

### PARTIES

2. Plaintiff InVue is a corporation organized and existing under the laws of the State of Ohio, having a principal place of business at 15015 Lancaster Highway, Charlotte, North Carolina 28277.

3.      Upon information and belief, Defendant Langhong Technology USA Inc. is a corporation organized and existing under the laws of the State of California, having a principal place of business at 3875 Hopyard Rd., Ste. 165, Pleasanton, California 94588.

4.      Upon information and belief, Defendant Hangzhou Langhong Technology Co., Ltd. is a foreign corporation organized and existing under the laws of China and having a principal place of business at 2# Building, No. 99, Xinting Rd., Binjiang District, Hangzhou, China.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case arises under the United States Patent Act, 35 U.S.C. § 100, *et seq*.  This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of supplemental jurisdiction, as well as under 28 U.S.C. § 1332(a).

6.      Upon information and belief, this Court has personal jurisdiction over Defendants under the principles underlying the U.S. Constitution, and under N.C. Gen. Stat. § 1-75.4 because Defendants transact business within the State of North Carolina, solicit and/or contract to supply goods in the State of North Carolina, have engaged in acts of patent infringement within the State of North Carolina, and have engaged in acts both inside and outside the State of North Carolina causing injury or damage within the State of North Carolina, including in this district.

7.      More specifically, upon information and belief, Defendants have imported, sold and/or offered for sale products covered by claims of the Patents-in-Suit within the State of

North Carolina, including in this district. Ex. A (photographs illustrating use of accused products at a retail store within this judicial district).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400, because Defendants have committed acts of infringement in this district.

## BACKGROUND

### A. The Patents-In-Suit

9. On November 18, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,890,691 ("the '691 Patent"). Ex. B.

10. The '691 Patent is entitled "Programmable Security System and Method for Protecting Merchandise." *Id.*

11. The '691 Patent names Christopher J. Fawcett, Jeffrey A. Grant, Dennis D. Belden, Jr., Ronald M. Marsilio and Ian R. Scott as the inventors. *Id.*

12. The '691 Patent has been assigned to InVue. *Id.*

13. On November 25, 2014, the USPTO duly and legally issued United States Patent No. 8,896,447 ("the '447 Patent"). Ex. C.

14. The '447 Patent is entitled "Programmable Security System and Method for Protecting Merchandise." *Id.*

15. The '447 Patent names Christopher J. Fawcett, Jeffrey A. Grant, Dennis D. Belden, Jr., Ronald M. Marsilio and Ian R. Scott as the inventors. *Id.*

16. The '447 Patent has been assigned to InVue. *Id.*

### B. Defendants' Infringing Products

17. Upon information and belief, Defendants are in the business of selling and/or importing merchandise display and security devices. Ex. D (Defendants' 2014 Product Catalog); Ex. E (Defendants' 2013 Product Catalog); Ex. F (Defendants' 2011 Product Catalog).

18. Defendants are engaged in, *inter alia*, the sale for importation into the United States, importation into the United States, and/or sale after importation into the United States of merchandise display and security devices.

19. In particular, upon information and belief, Defendants manufacture, import, sell and/or offer for sale products covered by one or more claims of the Patents-in-Suit, including without limitation, merchandise display and security products identified by Defendants with the following model numbers: H7002, H7020V2, H8000, H8010, H8020, H8100, H8100V2, H8102, H8102V2, H8103, H8105, H8110, H8110V2, H8112, H8112V2, H8300V2, H8310V2, H8400, H8400 mini usb, H8400V2, H8403, H8405, H8407, H8409, H8600, H8601, H8700, H8702, L8010, L8020, L8100, L8102, L8110, L8112, T8100, T8102, T8110, T8112, TSI8100, TSI8102, TSE8100, TSE8102, C7030, C8000, C8010, C8030, C8100, C8110, C8120, X9022, X9042, X9082, X9242, H9025, H9045, H9085, C9020, C9040, C9040V2, C9040V3, C9080V2, C9080V3, C9120V2, C9120V3 T9042, T9082, T9242, and any products that are functionally similar, including in combination with any of Defendants' compatible sensor products (collectively, "the Infringing Products"). Exs. D, E and F.

20. Upon information and belief, Defendants are directly and/or indirectly infringing one or more claims of the Patents-in-Suit by importing, selling and/or offering for sale in the United States, and in this judicial district and elsewhere, the Infringing Products.

21. Upon information and belief, Defendants acted without a reasonable basis for believing that Defendants would not be liable for directly infringing one or more claims of the Patents-in-Suit and/or indirectly infringing one or more claims of the Patents-in-Suit.

**C.  Defendants' Wrongful Conduct**

22. On or around September 15, 2010, John Harden and Paul Stangeland, in consideration for their employment with Plaintiff, entered into Confidentiality and Non-Disclosure Agreements with Plaintiff, which are each governed by the laws of the State of North Carolina.

23. The Confidentiality and Non-Disclosure Agreements prohibit the unauthorized disclosure of Plaintiff's confidential information, including but not limited to, technical or non-technical data, software codes, formulas, patterns, compilations, programs, devises, inventions, products, methods, techniques, trade secrets, drawings, processes, financial information, customer, manufacturer and supplier information, and any other information that qualifies as a trade secret under the laws of the State of North Carolina.

24. During the period from the later months of 2012 to the beginning of 2013, Defendants hired both John Harden and Paul Stangeland.

25. Upon information and belief, both John Harden and Paul Stangeland were responsible, in part, for facilitating and supporting Defendants' sales efforts in the United States.

26. Upon information and belief, Defendants, with knowledge of the Confidentiality and Non-Disclosure Agreements, and without justification, encouraged both John Harden and Paul Stangeland to divulge and utilize certain of the confidential information each had obtained during employment with Plaintiff, including at least confidential pricing and other financial information, as well as confidential customer information.

27. Upon information and belief, Defendants have utilized that information to the detriment of Plaintiff.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,890,691

28. Plaintiff incorporates herein and realleges, as if fully set forth in this Paragraph, the allegations of the foregoing Paragraphs 1 through 27.

29. Upon information and belief, Defendants have infringed and continue to infringe, directly and/or indirectly, one or more claims of the '691 Patent, either literally or under the doctrine of equivalents, by importing, selling and/or offering for sale in the United States products falling within the scope of one or more claims of the '691 Patent, including without limitation the Infringing Products.

30. Defendants have had actual knowledge of the '691 Patent since at least November 25, 2014, the date on which the Complaint was filed in this action.

31. Plaintiff has been damaged by Defendants' past and continuing infringement of the '691 Patent in an amount to be determined at trial.

32. Plaintiff has been and continues to be irreparably injured by Defendants' past and continuing infringement of the '691 Patent, and Defendants' infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

33. Plaintiff has suffered and continues to suffer monetary damages from Defendants' unauthorized infringement that are compensable under 35 U.S.C. § 284 in an amount to be determined at trial.

34. Defendants' infringement has been and continues to be deliberate, willful, intentional, and with knowledge of the existence of the '691 Patent, and Plaintiff accordingly is

entitled to recover enhanced damages pursuant to 35 U.S.C. § 284, as well as its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,896,447

35. Plaintiff incorporates herein and realleges, as if fully set forth in this Paragraph, the allegations of the foregoing Paragraphs 1 through 34.

36. Upon information and belief, Defendants have infringed and continue to infringe, directly and/or indirectly, one or more claims of the '447 Patent, either literally or under the doctrine of equivalents, by importing, selling and/or offering for sale in the United States products falling within the scope of one or more claims of the '447 Patent, including without limitation the Infringing Products.

37. Defendants have had actual knowledge of the '447 Patent since at least November 25, 2014, the date on which the Complaint was filed in this action.

38. Plaintiff has been damaged by Defendants' past and continuing infringement of the '447 Patent in an amount to be determined at trial.

39. Plaintiff has been and continues to be irreparably injured by Defendants' past and continuing infringement of the '447 Patent, and Defendants' infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

40. Plaintiff has suffered and continues to suffer monetary damages from Defendant's unauthorized infringement that are compensable under 35 U.S.C. § 284 in an amount to be determined at trial.

41. Defendants' infringement has been and continues to be deliberate, willful, intentional, and with knowledge of the existence of the '447 Patent, and Plaintiff accordingly is

entitled to recover enhanced damages pursuant to 35 U.S.C. § 284, as well as its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

## COUNT III

### TORTIOUS INTERFERENCE OF CONTRACT (John Harden)

42. Plaintiff incorporates herein and realleges, as if fully set forth in this Paragraph, the allegations of the foregoing Paragraphs 1 through 41.

43. An executed Confidentiality and Non-Disclosure Agreement exists between Plaintiff and an employee of Defendants, John Harden.

44. Upon information and belief, Defendants are, and at all pertinent times were, aware of the Confidentiality and Non-Disclosure Agreement between Plaintiff and John Harden.

45. Upon information and belief, Defendants encouraged John Harden to breach, at a minimum, the provisions of the Confidentiality and Non-Disclosure Agreement prohibiting the unauthorized disclosure of Plaintiff's confidential information.

46. Upon information and belief, Defendants performed said encouraging conduct with the intention of gaining an unfair economic advantage over Plaintiff by using Plaintiff's confidential information to Plaintiff's detriment.

47. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer actual economic and competitive harm.

## COUNT IV

### TORTIOUS INTERFERENCE OF CONTRACT (Paul Stangeland)

48. Plaintiff incorporates herein and realleges, as if fully set forth in this Paragraph, the allegations of the foregoing Paragraphs 1 through 47.

49. An executed Confidentiality and Non-Disclosure Agreement exists between Plaintiff and a former employee of Defendants, Paul Stangeland.

50. Upon information and belief, Defendants are, and at all pertinent times were, aware of the Confidentiality and Non-Disclosure Agreement between Plaintiff and Paul Stangeland.

51. Upon information and belief, Defendants encouraged Paul Stangeland to breach, at a minimum, the provisions of the Confidentiality and Non-Disclosure Agreement prohibiting the unauthorized disclosure of Plaintiff's confidential information.

52. Upon information and belief, Defendants performed said encouraging conduct with the intention of gaining an unfair economic advantage over Plaintiff by using Plaintiff's confidential information to Plaintiff's detriment.

53. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer actual economic and competitive harm.

## COUNT V

### UNFAIR OR DECEPTIVE TRADE PRACTICES (John Harden)

54. Plaintiff incorporates herein and realleges, as if fully set forth in this Paragraph, the allegations of the foregoing Paragraphs 1 through 53.

55. The conduct of Defendants, as described above, in interfering with Plaintiff's Confidentiality and Non-Disclosure Agreement with John Harden constitutes unfair or deceptive trade practices in or affecting commerce.

56. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer actual economic and competitive harm, for which Plaintiff is entitled to receive monetary damages, injunctive relief, and other appropriate remedies.

57. Pursuant to Chapter 75, N.C. Gen. Stat., Plaintiff is entitled to treble damages and attorneys' fees for Defendants' unfair and deceptive trade practices.

## COUNT VI

## UNFAIR OR DECEPTIVE TRADE PRACTICES (Paul Stangeland)

58. Plaintiff incorporates herein and realleges, as if fully set forth in this Paragraph, the allegations of the foregoing Paragraphs 1 through 58.

59. The conduct of Defendants, as described above, in interfering with Plaintiff's Confidentiality and Non-Disclosure Agreement with Paul Stangeland constitutes unfair or deceptive trade practices in or affecting commerce.

60. As a result of Defendants conduct, Plaintiff has suffered and continues to suffer actual economic and competitive harm, for which Plaintiff is entitled to receive monetary damages, injunctive relief, and other appropriate remedies.

61. Pursuant to Chapter 75, N.C. Gen. Stat., Plaintiff is entitled to treble damages and attorneys' fees for Defendants' unfair and deceptive trade practices.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants and their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation, granting the following relief:

A. Enter judgment that Defendants have directly and/or indirectly infringed the Patents-in-Suit and that Defendants' infringement has been willful;

B. Permanently enjoin Defendants, and all those in active concert or participation with them, from directly and indirectly infringing the Patents-in-Suit, pursuant to 35 U.S.C. § 283;

C. Award Plaintiff damages in an amount to be proved at trial that will adequately compensate Plaintiff for Defendants' infringement, but under no circumstances an amount less than a reasonable royalty, as authorized by 35 U.S.C. § 284;

D. Increase the damages sustained by Plaintiff up to three times the amount of their actual damages, as authorized by 35 U.S.C. § 284;

E. Find that this is an exceptional case and award Plaintiff its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285;

F. Award Plaintiff prejudgment interest and costs pursuant to 35 U.S.C. § 284;

G. Award Plaintiff compensatory damages in a fair amount as proved by evidence at trial to remedy the damages caused by Defendants;

H. Award Plaintiff treble damages and attorneys' fees as authorized by N.C. Gen Stat. §§ 75-16 and 75-16.1;

I. Award Plaintiff punitive damages to deter Defendants from repeating the accused wrongful conduct under N.C. Gen. Stat. § 1D-15;

J. Permanently enjoin Defendants from further use of Plaintiff's confidential information and from any further acts of unfair and deceptive trade practices; and

K. Grant such other, different, and additional relief as the Court deems just and proper.

Dated: November 25, 2014                    Respectfully submitted,


                                            */s/ Bruce J. Rose*_____
                                            Bruce J. Rose, N.C. Bar No. 20105
                                            S. Benjamin Pleune, N.C. Bar No. 28748
                                            Joseph M. Janusz, N.C. Bar No. 44493
                                            ALSTON & BIRD LLP
                                            Bank of America Plaza
                                            101 South Tryon Street, Suite 4000
                                            Charlotte, North Carolina 28280-4000
                                            Tel: (704) 444-1000
                                            Fax: (704) 444-1100
                                            bruce.rose@alston.com
                                            ben.pleune@alston.com
                                            joe.janusz@alston.com


                                            *Attorneys for Plaintiff InVue Security Products Inc.*